STATE OF NEBRASKA, APPELLEE, v. WILLIAM MAURICE ANDERSON, APPELLANT.
STATE OF NEBRASKA, APPELLEE, v. WILLIE BARFIELD, APPELLANT.
173 N. W. 2d 38

Filed December 12, 1969. Nos. 37309, 37317.

Renne Edmunds and Thomas F. Ryder, for appellants.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCown, J.

Separate informations were filed charging each of the defendants with robbery. The cases were consolidated for trial without objection. The jury returned separate verdicts of guilty against each defendant. One defendant was sentenced to 5 years imprisonment and the other to 4 years. Both have appealed. The sole assignment of error in both cases is the failure to sustain the motion for directed verdict. The grounds are that the evidence is insufficient to establish guilt beyond a reasonable doubt. The cases were docketed separately in this court, but were consolidated for argument. For that reason, they will be disposed of by one opinion.

The State's evidence established that the victim of the robbery, who had been drinking for several hours, met a woman and two men in the Park Bar in Omaha on the evening of December 27, 1968. The defendants were identified as the two men. The newly found friends and the victim left the bar together and entered an automobile, supposedly to drive the victim home. The automobile was driven into an alley a short distance away and the two men proceeded to beat the victim while the woman took his money. He was then thrown from the car. He returned to the bar a short time later with blood on his face and clothing. He reported the robbery to two policemen who were present. The defendants and a woman were arrested at approximately 9:45 p.m., some distance from the Park Bar. The woman in the car with the defendants at the time of arrest had been in the bar at the time the victim left before the robbery and testified as a witness at the trial.

The basis for the defendants' contentions is that there was a difference in the testimony of the State's witnesses as to the time the victim and the defendants left the bar together before the robbery. It is argued that since the defendants were arrested at 9:45 p.m., they could not have committed the robbery if they left the bar

at 10 p.m., as the victim and one other witness said they did. However, there was also testimony that they left the bar between 9 and 9:30 p.m. Other evidence and testimony, if believed, was amply sufficient to establish defendants' guilt.

The jury is the judge of the credibility of witnesses and the weight to be given their testimony. In a criminal action this court will not interfere with a verdict of guilty based upon conflicting evidence unless the evidence is so lacking in probative force that as a matter of law it is insufficient to support a finding of guilt beyond a reasonable doubt. State v. Wilson, 174 Neb. 86, 115 N. W. 2d 794.

The judgments are affirmed.

AFFIRMED.