# Richmond

HANSFORD B. ELLER v. C. C. PEYTON, SUPERINTENDENT OF THE
VIRGINIA STATE PENITENTIARY.

January 19, 1970.

Record No. 7057.

Present, All the Justices.

*Benjamin H. Woodbridge, Jr.; Thomas F. Williams, Jr.*, for plaintiff in error.

*Edward J. White, Assistant Attorney General (Robert Y. Button, Attorney General; Reno S. Harp, III, Assistant Attorney General*, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

This appeal brings up for review a final order dismissing a petition for writ of habeas corpus filed by Hansford B. Eller, the petitioner, against C. C. Peyton, Superintendent of the Virginia State Penitentiary. James D. Cox, the present superintendent of the penitentiary, has been substituted in place of C. C. Peyton as respondent.

The record shows that on February 16, 1967, the petitioner was sentenced to serve ten years in the penitentiary following his conviction of armed robbery. On March 20, 1967, he filed in this court a petition for writ of habeas corpus alleging ineffective representation on the part of counsel appointed to represent him at his criminal trial. We awarded the writ and made it returnable to the trial court for a plenary hearing.

Counsel was appointed by the trial court to represent the petitioner in the habeas corpus proceeding. An amended petition was filed expanding the allegation of ineffective representation and assigning as additional ground for relief a claim that the petitioner had been denied an appeal from his conviction. A plenary hearing was held, and the petition was dismissed. We granted a writ of error.

■ The petitioner bases his contention of ineffective representation of counsel upon the proposition that his court-appointed counsel, Ralph M. Whitticar, III, was derelict in failing to call one Romeo Vance as a witness at the petitioner's original trial. Vance was a participant in the robbery in question and was in jail awaiting trial at the time of the petitioner's criminal hearing. The petitioner says Vance's testimony "would have completely exonerated" him.

The petitioner presented Vance as a witness at the habeas corpus hearing. Vance stated that he had been willing to testify at the petitioner's trial and had so indicated to Whitticar, but the latter "didn't say anything." Vance said he would have testified to the following effect:

On the day of the robbery, Vance was in the company of the petitioner and the latter's younger brother, James Eller, en route from Richmond to Washington, D. C., in the petitioner's automobile. The three men stopped at a filling station. While the petitioner was putting some "STP" in the car, Vance and James Eller entered the station building and robbed the attendant at the point of a gun which Vance claimed he had found, before leaving Richmond, "partially under the floor mat" of the petitioner's car. Vance and James Eller returned to the vehicle and told the petitioner, "let's get out of here." After leaving the station, the trio divided the money taken in the

robbery, the petitioner placing his share "in his shirt pocket." The petitioner, asserted Vance, did not "have any knowledge" that Vance and James Eller intended to rob the filling station attendant.

Whitticar, the petitioner's counsel at the criminal trial, also testified at the habeas corpus hearing. He stated that he had talked to Vance prior to the petitioner's trial and had discussed with the petitioner the question of calling Vance as a witness. Whitticar said the petitioner "didn't seem to be as sure of what Vance had to say as he was as to what his brother had to say," and so it was "just decided to go with the brother." Whitticar further stated that Vance's testimony would have been cumulative because the petitioner's brother, James, did testify at the criminal trial and his testimony, if believed, would have exonerated the petitioner.

The decision by counsel in a criminal case to call or not to call a witness in behalf of his client is a part of trial tactics, and ordinarily a mistaken decision in such respect is not sufficient to set aside a judgment of conviction. *Hoffler* v. *Peyton*, 207 Va. 302, 309, 149 S.E.2d 893, 897 (1966). While we do not say that Whitticar erred in deciding not to call Vance as a witness in this case, his decision, even if wrong, was based upon his assessment of the value to the petitioner of Vance's testimony weighed with his apprehension of what Vance actually would say when placed upon the witness stand. That being so, we cannot in hindsight second guess Whitticar and say that his representation of the petitioner was so transparently inadequate as to amount to a denial of constitutional protection of the petitioner's rights. *Yates* v. *Peyton*, 207 Va. 91, 98-99, 147 S.E.2d 767, 772-773 (1966).

We turn now to the petitioner's contention that he was denied the right to appeal his conviction.

The final order was entered in the case on February 16, 1967. On March 2, the petitioner wrote Whitticar, his court-appointed counsel, stating that he had decided "to try for an appeal." Whitticar in turn wrote the petitioner on March 6, stating in part as follows:

"The matters which you mention, considered in light of the contents of the Court file in your case and in light of our many conversations, do not appear to me to give you any grounds for an appeal under Virginia law. The only way I can see for you to bring them up would be for you to attack my representation of you."

On March 9, Whitticar forwarded a letter to the judge of the trial court, with a copy to the petitioner, asking that he be relieved "from any further obligation in this case." Whitticar stated in the letter that he thought the relief which might be available to the petitioner was "by way of a *habeas corpus* proceeding, rather than through an appeal," and "that any such proceeding necessarily would involve an attack" upon his representation of the petitioner.

On March 15, the trial court entered an order relieving Whitticar as counsel for the petitioner and appointing James Ashby, Jr., to assist the petitioner "in perfecting his appeal." A copy of the order was sent to the petitioner.

On March 20, the petitioner forwarded a letter to the judge of the trial court acknowledging receipt of the copy of the order of March 15. In the letter, the petitioner stated in part as follows:

"Prior to receiving said order, I acted on my own and filed a petition for a writ of Habeas Corpus Ad-Subjicendemn in/at the Supreme Court of Appeals.

"Kindly inform my new court-appointed attorney of my foregoing stated actions. Whereas, I want said attorney to pursue, prosecute, and to defend said petition. In the meantime, I too, shall inform said attorney of my desire."

The petitioner communicated with Ashby, and on March 21, the latter wrote to petitioner stating in part as follows:

" . . . [U]pon a thorough examination of the record in your case, including the transcript of incidents of trial and evidence therein, it is quite apparent that no error was committed and it reveals to me that my half-brother, Richard L. Ashby, was one of the principal witnesses for the Commonwealth in your case.

"It is, therefore, my decision to request that the Court relieve me of all further responsibility in this case, as I do not believe that you, as the accused, would wish to have a relative of one of the principal witnesses for the Commonwealth designated to handle your habeas corpus proceeding."

On March 24, the judge of the trial court forwarded to the petitioner the following letter:

"Referring to your communication of March 20th, I do not understand just what procedure you desire to take regarding your conviction. I had, heretofore, understood that you wished to appeal the judgment in your case and I appointed Mr. Ralph M. Whitticar, III, to assist in perfecting your appeal. He later advised that from communication received from you it would not be proper for him to represent you on the appeal and he was relieved as your Counsel and Mr. James Ashby, Jr. was appointed. Mr. Ashby has now requested to be relieved as your Counsel.

"Your communication of March 20th states that you have filed a petition in the Supreme Court of Appeals of Virginia seeking a writ of habeus corpus, and requesting that your Counsel be directed to represent you in this procedure. As long as the petition is filed in the Supreme Court of Appeals and is pending there this Court does not have the jurisdiction to appoint Counsel in that proceeding.

"Will you please advise me immediately whether you desire to appeal the order of conviction or whether you expect to rely on the petition of habeus corpus."

The petitioner did not respond to the trial court's letter. No further communication took place between the trial court and the petitioner. On April 24, the court entered the following order:

"James Ashby, Jr. having heretofore been appointed to assist the said Hansford B. Eller in and about an appeal from an order of conviction in this Court, now on motion of James Ashby, Jr. he is hereby relieved of such appointment.

"And the said Hansford B. Eller having notified the Court by letter dated March 20, 1967, that he had filed a petition for Habeas Corpus in the Supreme Court of Appeals of Virginia, and the Court by letter dated March 24, 1967, requested that the Court be advised as to whether the said Eller desired to appeal his conviction, and has received no reply from said Eller as of this date, is of the opinion that the said Eller has elected to rely upon his petition for Habeas Corpus and has waived his right to appeal. . . ."

We are of opinion that under the foregoing circumstances, it cannot be said that the petitioner was denied the right to appeal his conviction. Following that conviction, the petitioner made known

to Whitticar, his court-appointed counsel, his desire to appeal. Whitticar promptly advised the petitioner and the court of his opinion that there was no ground upon which to appeal and asked to be relieved from further representation of the petitioner.

The court granted Whitticar's request to be allowed to withdraw and appointed Ashby in his place to assist the petitioner in taking an appeal. The course followed by Whitticar and the trial court was the proper one under the circumstances. *Clark* v. *Peyton*, 207 Va. 444, 447, 150 S.E.2d 533, 535 (1966).

The petitioner, upon receiving a copy of the order appointing Ashby, directed his letter of March 20, 1967, to the trial court advising that he had filed his habeas corpus petition in this court and stating that he wanted Ashby to represent him in the habeas corpus proceeding. The trial court by its letter of March 24, 1967, properly advised the petitioner that it had no authority to appoint counsel in an original proceeding pending in this court. And the trial court pointedly asked the petitioner to advise it immediately whether he desired to "appeal the order of conviction" or whether he intended to rely upon the habeas corpus petition.

We think there was a clear and certain obligation upon the petitioner to make positive response to the trial court's letter of March 24, 1967. The petitioner should have advised the court that he still desired to appeal his conviction, or that he intended to rely upon the habeas corpus petition, or that he wished to follow both courses. In the absence of a reply from the petitioner in circumstances demanding a reply, there was no duty upon the trial court to take further action with respect to the petitioner's appeal.

At the time the petitioner received the trial court's letter of March 24, 1967, he had received the advice of both Whitticar and Ashby that there was no ground upon which to appeal his conviction, and he also had the opinion of Whitticar that habeas corpus was his only hope of relief. The petitioner, when he received the trial court's letter, had already filed his habeas corpus petition in this court, obviously as the result of Whitticar's suggestion. Against this background, the fair conclusion to be drawn is that the petitioner deliberately failed to respond to the trial court's letter because he had decided to abandon his appeal.

The judgment of the trial court will be affirmed.

*Affirmed.*