## PEOPLE v. PALMER

1. CRIMINAL LAW—JURY—PREJUDICE—UNDUE INFLUENCE—INQUIRY BY COURT.

   Refusal to allow defendant or his counsel to be present while inquiring into whether members of the jury had read local newspaper articles concerning the case was reversible error where the record is devoid of any conduct by the defendant which could be construed as a waiver, because a defendant has the right to be present at a proceeding where the court considers the existence or nonexistence of misconduct on the part of jurors and to deny him that right affects his right to a trial by an impartial jury.

2. CRIMINAL LAW—JURY—PREJUDICE—ACTUAL INJURY.

   Prejudice to a criminal defendant is conclusively presumed even where the record reveals no misconduct, where the defendant is not given an opportunity to exercise his right to be present at a proceeding where the court considers the existence or nonexistence of misconduct on the part of the jurors, because where such a fundamental right is denied the guilt or innocence of the accused is not in issue and neither party is put to the burden of showing actual injury or prejudice or the lack of it.

3. CRIMINAL LAW—PREJUDICE—NEW TRIAL.

   A defendant denied the right to be present at a proceeding, where the court considers the existence or nonexistence of misconduct on the part of the jury, is entitled to a new trial without proof of actual injury or prejudice.

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 21 Am Jur 2d, Criminal Law § 294.
   Impaneling or selection of jury in accused's absence. 26 ALR2d 762.
[4] 53 Am Jur, Trial § 512.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUESTED INSTRUCTIONS
   —IDENTIFYING THE REQUEST.
   Labeling an instruction to the jury as being requested by a
   given party is a practice which should be avoided, because
   once an instruction to the jury is given, it is the court's in-
   struction.

Appeal from Macomb, Alton H. Noe, J. Sub-
mitted Division 2 November 9, 1970, at Detroit.
(Docket No. 7003.) Decided December 9, 1970.

John Joseph Palmer was convicted of man-
slaughter. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Don L. Milbourn,* Assistant
Prosecuting Attorney, for the people.

*Fred A. York,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., LEVIN and PETER-
SON,* JJ.

PER CURIAM. The defendant was charged with
second-degree murder contrary to MCLA § 750.316
(Stat Ann 1954 Rev § 28.549) and was found guilty
by a jury of the lesser included offense of man-
slaughter.[1] He was sentenced to serve 13 to 15 years
in prison.

Before the jury retired, a discussion occurred be-
tween the prosecutor, court and defense counsel
concerning possible undue influence on the jury by
the victim's wife during the trial. It was claimed

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

that Mrs. DiMaggio was seen crying in the hall and in the ladies washroom when some of the jurors were present.  The defense also requested the court to inquire into whether or not any members of the jury had read the recent articles in the *Detroit News* or the *Detroit Free Press* concerning the case.  The court conducted both inquiries, but refused to allow the defendant or his attorney to be present.

The defendant contends that the trial court committed prejudicial error in conducting an inquiry into alleged undue influence on and misconduct by the jury in his absence.

As a general rule, a criminal accused is entitled to be present at every stage of his trial where his substantial rights might be affected.  This right is guaranteed both by statute[2] and by constitutional provision.[3]  Our inquiry is thus directed towards a determination of whether the process of questioning jurors as to possible misconduct or undue influence is a critical stage of the trial.

In the case of *People* v. *Medcoff* (1955), 344 Mich 108, the Court was faced with a nearly identical problem.  There, defense counsel suspected that the jurors had read about certain aspects of the case in the newspaper and were discussing it among themselves in the hall outside the courtroom.  The trial court, after denying a defense motion for a mistrial, conducted an examination of the jurors concerning the accusations of defense counsel, but refused to allow defendant or his attorneys to be present.  Of defendant's contention that the trial judge committed prejudicial error in not allowing him to be present, the Court said:

"There is involved in the instant case the right of an accused to be present at a proceeding where the

2 MCLA § 768.3 (Stat Ann 1954 Rev § 28.1026).
3 Const 1963, art 1, § 20.

court considers existence or nonexistence of misconduct on the part of the jurors. It goes without saying that the right to a trial by an impartial jury is a most fundamental one. The right of the accused to be present at all stages of the trial where his substantial rights might be affected is an equally fundamental one. Misconduct on the part of a juror during the progress of a trial is presumptively a ground for a new trial. *Cooper* v. *Carr* [1910], 161 Mich 405; *cf. In re Ascher* [1902], 130 Mich 540 (57 LRA 806). Courts have held that the presence of the accused is required when jurors are being examined as to their qualifications. *State* v. *Thomas* [1911], 128 La 813 (55 So 415); *State* v. *Smith* [1886], 90 Mo 37 (1 SW 753 [as *State* v. *Crockett*], 59 Am Rep 4); *State* v. *Martin* [1938], 120 W Va 229 (197 SE 727). The making or trying of challenges to jurors is an essential part of the trial and requires the presence of the accused. *Lewis* v. *United States* [ (1892), 146 US 370 (13 S Ct 136, 36 L Ed 1011)]; *Hopt* v. *Utah* [ (1884), 110 US 574 (4 S Ct 402, 28 L Ed 262)]. *It would seem that the examination of a jury during the progress of the trial as to alleged misconduct affects a defendant's substantial rights to a trial by an impartial jury at least as much, if not more, than does an examination for qualifications or the making of challenges.* All concern the impartiality of the jury which cannot be considered a preliminary, formal or inconsequential matter.

"We recognize that all that transpired between judge and jurors as well as the court's conclusion that there had been no misconduct is in the record before us. Therefore, it is argued that defendants have shown no prejudice. However, the abrogation of defendants' right to be present is not determined from the result and review thereof of the court's inquiry but rather from the mere fact that during the inquiry defendants were not given an opportunity to exercise those privileges which their right to be present affords them. Where such fundamental

rights are denied, the guilt or innocence of the accused is not concerned and neither party is put to the burden of showing actual injury or prejudice or the lack of it. Injury is conclusively presumed." *Medcoff, supra,* 116–118. (Emphasis supplied.)

The case at bar is indistinguishable factually from *Medcoff* and is devoid of any conduct on the part of defendant which could be construed as a waiver of this right. See *People* v. *Gant* (1961), 363 Mich 407; *Diaz* v. *United States* (1911), 223 US 442 (32 S Ct 250, 56 L Ed 500); *Illinois* v. *Allen* (1970), 397 US 337 (90 S Ct 1057, 25 L Ed 2d 353). As a result, we are persuaded that the holding of the *Medcoff* case requires a reversal of this conviction. In so holding we stress that it is not the importance of the crying episode and its possible effect on the jury which moves us to reverse. But, rather, the importance of protecting the defendant's right to be present during the judge's inquiry; our Supreme Court has declared that a defendant denied the right to be present is entitled to a new trial without proof of actual injury or prejudice.

Defendant also complains of the court's labeling of certain instructions as "defendant's." Trial courts have been cautioned that it is bad practice to indicate which side has requested a given instruction. *People* v. *Hunter* (1963), 370 Mich 262. Once the court gives an instruction, it is the *court's* instruction. On remand, prefacing instructions with the name of the party who made the request therefor should be avoided.

For the foregoing reasons, the defendant's conviction must be reversed and the cause remanded for a new trial.

Reversed and remanded.