STATE OF NEBRASKA, APPELLEE, v. WILLIAM MAURICE ANDERSON, APPELLANT.

186 N. W. 2d 479

Filed April 30, 1971. No. 37721.

Walter Matejka and J. Patrick Green, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

The district court after an evidentiary hearing overruled a motion of defendant for post conviction relief. Defendant appeals. He contends that substitution of counsel appointed to represent him was ineffective.

Defendant and others were tried together in prosecutions for robbery. After a jury verdict of guilty defendant appealed. We affirmed. See State v. Anderson, 184 Neb. 868, 173 N. W. 2d 38 (1969). Defendant had been represented by counsel who had withdrawn the day prior to trial in order to represent another accused. Counsel feared a conflict of interest that was not to develop. Trial counsel was appointed the same day.

The record is clear that defendant related to trial counsel two or three alibis of which one came the morning of trial. Defendant supplied the name and address of a bartender who supposedly would support the first alibi. Investigation disclosed that the bartender recollected nothing favorable to defendant. No means of locating the other persons were furnished by defendant. None of those possible witnesses testified at the trial or the post conviction hearing, and their absence from the latter hearing went unexplained.

Without a substantial basis a claim of prejudice from substitution of appointed counsel for defendant in a criminal prosecution is no ground for post conviction relief. See, Chambers v. Maroney, 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419 (1970); State v. Putnam, 182 Neb. 185, 153 N. W. 2d 456 (1967). A decision by counsel to call or not to call a witness forms part of trial tactics, and ordinarily a mistaken decision in that respect is not sufficient for post conviction relief. See State v. Moss,

185 Neb. 536, 177 N. W. 2d 284 (1970). See, also, Eller v. Peyton, 210 Va. 454, 171 S. E. 2d 671 ((1970).

The denial of relief to defendant was correct.

AFFIRMED.