STATE OF NEBRASKA, APPELLEE, v. JERRY CORFIELD, APPELLANT.

201 N. W. 2d 818

Filed November 3, 1972. No. 38489.

Padley & Dudden, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant, Jerry Corfield, was convicted of forcibly assaulting and resisting a law enforcement officer while the officer was engaged in the performance of his official duties. He was sentenced to imprisonment for 1 year. We affirm the conviction and sentence.

At approximately 1 a.m., on the morning of August 13, 1971, a citizen of Arthur, Nebraska, complained to the sheriff by telephone about excessive noise and commotion in the downtown area of the village. The sheriff dressed and drove to the main street of the village. There were two automobiles parked in front of the pool hall tavern. There were six or seven young men in or around the cars. The sheriff parked his car nearby, got out with a can of mace in his hand, and walked up to the young men. He advised them that he had received a complaint about the noise and requested that they all go home without any more trouble. Some of the young men got into one of the automobiles and

drove away. The defendant, his brother, and one of the other young men remained.

After some conversation, the defendant refused to comply with the request and a scuffle ensued. Defendant struck the sheriff, knocked him back against a fence, and wrestled with him. The sheriff broke loose, managed to reach his car, grabbed his revolver from the car, and fired it into the air. The defendant again attacked the sheriff. The sheriff then struck defendant over the head with the barrel of the revolver, arrested the defendant and the other two young men, and took them to jail.

The sheriff sustained two lacerations on his temples, both of which required stitches. He also had bruises on his face and the side of his head.

The only real dispute in the evidence is whether the sheriff used mace on the young men before he was assaulted or only after the defendant had assaulted him. The jury obviously resolved that conflict.

The defendant's contentions that requested instructions as to an unlawful arrest were improperly refused are wholly without merit. The remaining assignment of error is directed at the court's refusal to sustain defendant's motion for a directed verdict at the close of the trial. While it was in conflict in some respects, the evidence here was more than sufficient to sustain the verdict of the jury. In a criminal action, this court will not interfere with a verdict of guilty based upon conflicting evidence unless, as a matter of law, the evidence is so lacking in probative force that is is insufficient to support a finding of guilt beyond a reasonable doubt. State v. Anderson, 184 Neb. 868, 173 N. W. 2d 38.

The judgment is affirmed.

AFFIRMED.