PEOPLE v PERCY HARRIS

1. CRIMINAL LAW—CRITICAL STAGE—RIGHT TO BE PRESENT—UNDUE INFLUENCE OF JUROR.

A hearing on the issue of undue influence of a juror is a critical stage of trial at which the defendant has a right to be present, and where that right is denied, injury is presumed and defendant is not required to show that he was prejudiced by being excluded from the hearing.

2. CRIMINAL LAW—CRITICAL STAGE—RIGHT TO BE PRESENT—WAIVER.

It is doubtful that defendant or his counsel may effectively waive defendant's right to be present at all critical stages of his trial, and waiver of defendant's right to be present at a hearing on the issue of undue influence of a juror will not be implied from the failure of a defendant's attorney, who was present, to object to the defendant's absence or, in any case, from a silent record.

3. CRIMINAL LAW—MATERIAL COMMUNICATION TO JURY—IMPARTIAL JURY—INFLUENCE ON VERDICT.

A conversation in the judge's chambers between the judge and the foreman of the jury regarding an allegation of improper contact between the defendant and the foreman affects the appearance of, if not the actual, impartiality of the jury and is governed by the rule whereby communications to the jury on material matters, made after deliberations have begun and not in open court in the presence of the parties or their representatives, may constitute reversible error even though the communications had no apparent influence on the verdict.

Appeal from Wayne, Michael L. Stacey, J. Submitted Division 1 October 4, 1972, at Detroit. (Docket No. 13052.) Decided November 28, 1972.

Percy Harris, Jr., was convicted of felonious

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 277.
[2] 21 Am Jur 2d, Criminal Law §§ 279, 280.
[3] 21 Am Jur 2d, Criminal Law § 299.

assault. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*Philo, Maki, Ravitz, Cockrel, Robb, Karfonta & Spearman,* for defendant on appeal.

Before: Lesinski, C. J., and Fitzgerald and J. H. Gillis, JJ.

J. H. Gillis, J. The defendant was convicted by a jury of felonious assault, contrary to MCLA 750.82; MSA 28.277, and appeals. The errors asserted on appeal relate solely to defendant's right to be present at critical stages of his trial; specifically: during inquiries into possible jury tampering. Hence it is unnecessary to repeat here the facts surrounding the alleged crime.

During the jury deliberations, it was reported to the trial court that defendant had been seen exiting a restroom shortly after the jury foreman left the same restroom. The trial court decided that a hearing was necessary to determine whether there was any misconduct as a result of the possible contact between the defendant and the jury foreman. A hearing with a separate record was held, during which testimony was taken from five witnesses. All of the testifying witnesses, including the defendant, were sequestered.

During the testimony of the first four witnesses at the special hearing, the jury remained in the jury room. Prior to the questioning of the last

witness, the jury members, except the foreman, were sent home for the weekend. The foreman was told to wait in the judge's chambers. At the conclusion of the testimony, the judge determined that there was insufficient evidence to conclude that there had been any misconduct on the part of the foreman. The trial judge then went into his chambers, where he remained, together with the jury foreman, for approximately ten minutes without the presence of defendant or his attorney. No record was made of this conversation.

At the hearing on the motion for new trial, the jury foreman testified that on the day in question he waited in the judge's chambers alone for approximately one-half hour after the other jurors were sent home. The judge then returned to chambers and told him of the report of possible contact between him and the defendant, and asked him whether that report was true. The ensuing conversation included a request by the foreman to have the testimony of several witnesses read back to the jury.

The trial judge largely corroborated the foreman's account, but, though admitting he had little recall as to the contents of the conversation, he denied that he had questioned the foreman about the incident. There was, as noted, no record made of the conversation.

Defendant asserts error in his exclusion from the special hearing and from the judge's conversation with the jury foreman.

That a hearing on the issue of undue influence of a juror is a critical stage of trial at which defendant has a right to be present was clearly stated in *People v Medcoff,* 344 Mich 108, 117 (1955), and more recently in *People v Nickopoulos,* 40 Mich App 146, 151 (1972), and *People v Palmer,*

28 Mich App 624, 628 (1970). Where that right is denied, injury is presumed, and defendant is not required to show that he was prejudiced by being excluded from the hearing.

The people contend that defendant waived his right to be present at the hearing, because his attorney, who was present, failed to object to the defendant's absence.

It is doubtful that defendant or his counsel may effectively waive defendant's right to be present at all critical stages of his trial. As was stated in the oft-cited case of *Hopt v Utah,* 110 US 574, 579; 4 S Ct 202, 204; 28 L Ed 262, 265 (1883):

"We are of [the] opinion that it was not within the power of the accused or his counsel to dispense with the statutory requirement as to his personal presence at the trial. * * * That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused, *much less by his mere failure, when on trial and in custody, to object to unauthorized methods."* (Emphasis supplied.)

Even if defendant or his counsel were competent to waive this fundamental right, a waiver cannot be implied from a mere failure to object.

"It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.' A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019, 1023; 82 L Ed 1461, 1466 (1937). See *People v Carlton Brown,* 23 Mich App 528, 538 (1970).

In any case, a waiver will not be presumed from a silent record, and the record before us is devoid

of any conduct on the part of defendant which could be construed as a waiver of this right. See *Illinois v Allen,* 397 US 337, 343; 90 S Ct 1057, 1060; 25 L Ed 2d 353, 358–359 (1970).

We conclude that defendant's right to be present at the inquiry into improper jury influence was not waived by him; that the trial court erred in excluding him from the hearing, and that the error requires reversal of defendant's conviction without a showing of actual prejudice.

Although not necessary to the disposition of this case, we feel constrained to observe that the private conversation in chambers between judge and jury foreman which occurred at the close of the special hearing was clearly improper. The practice which must be followed in such situations is clearly expressed in the American Bar Association's *Standards Relating to the Function of the Trial Judge:*

"(b) The trial judge should require a record to be kept of all communications received by him from a juror or the jury after the jury has been sworn, and he should not communicate with a juror or the jury on any aspect of the case itself (as distinguished from matters relating to physical comforts and the like), except after notice to all parties and reasonable opportunity for them to be present.

\* \* \*

"Subsection (b) of the standard is not intended to apply to communications to or from jurors which involve only housekeeping matters, such as arrangements for lunch. Nor does it require a judge to refrain from giving a juror a civil greeting when he passes him in a corridor or elsewhere." American Bar Association Project on Standards for Criminal Justice, Tentative Draft, June 1972, Standard 5.2(b) and Commentary, pp 64–65.

It is apparent that the subject matter of the conversation was the allegation of improper contact between the defendant and the foreman; certainly, this is a matter vitally affecting the appearance of, if not the actual impartiality of the jury. It is a material communication such that the rule of *People v Kangas,* 366 Mich 201, 205–206 (1962), is applicable: a communication to the jury on a material matter, after deliberations have begun, not in open court and in the presence of the parties or their representatives, may constitute reversible error even though the communication had no apparent influence on the verdict. Obviously, where no record is kept of the conversation and the defendant is excluded therefrom, it is exceedingly difficult for him to prove prejudice. Without in any way impugning the motives of the trial judge, we can not condone the practice here engaged in, because a trial must be free not only from prejudice, but from the appearance thereof.

The observations of Justice CAMPBELL in the case of *Churchill v Alpena Circuit Judge,* 56 Mich 536, 539–540 (1885), are still true:

"If a single juror is improperly influenced, the verdict is as unfair as if all were. * * * The presumption is always in favor of good character; but the law concerning juries provides strictly that all jurors shall be secluded from outside influence, and presumes that such influence may act upon some of them, and may act so as to be beyond detection. Human nature is no different in jurors than in others, and men are not always conscious how far they are in fact biased, and their inward sentiments cannot be ascertained."

Reversed and remanded.

All concurred.