STATE OF NEBRASKA, APPELLEE, v. WILLIE NEVELS, APPELLANT.

223 N. W. 2d 668

Filed December 5, 1974. No. 39524.

Alfred A. Fiedler of Fiedler & Fiedler, for appellant.

Clarence A. H. Meyer, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

The defendant Willie Nevels was convicted of kidnapping and rape committed on August 21, 1973. His assignments of error charge: (1) Insufficiency of the evidence to sustain the conviction; (2) prejudicial error in excluding defendant from a conference with a juror regarding alleged misconduct; and (3) excessiveness of the sentence. We affirm the judgment of the District Court.

The actual kidnapping and rape of the girl are not challenged but defendant insists he has been mistakenly identified as the offender. It is undisputed that the girl who was victimized passed a black man on the street who then came up behind her, put his hand over her eyes, threatened her with a gun, led her to a car occupied by a white male, Rick Brungardt, shoved her in, ordered her to keep her eyes closed, and blindfolded her. The cloth blindfold was subsequently replaced with tape-covered sunglasses. The girl was driven to a deserted spot and raped by both males.

Two witnesses saw the girl picked up. They could not identify the defendant but gave descriptions which

fit him, except for an Afro haircut. The girl had some difficulty identifying the defendant until an Afro-type wig was produced and with this on him, she positively identified him. All three of these witnesses identified the Brungardt car as the one used. Mrs. Brungardt, mother of Rick, gave the authorities a pair of sunglasses, a wig, and a black hat which her younger son found in a trash barrel. The son Tommy stated he saw the defendant put the hat in the barrel and found the sunglasses and wig there also. This was on September 3, 1973. He also identified a piece of cloth found in Rick's car. The victim could not positively identify the four exhibits but said they appeared to be similar to the ones she saw or wore during the incident. Rick Brungardt testified to the entire incident and identified the defendant as the one who participated in the affair with him. He stated defendant was wearing a black hat, sunglasses, and a wig and had a gun. Michelle Averill testified that on September 3, 1973, she saw a black hat and wig in Rick's car about noon but noted they were gone about 3 p.m. She also saw Rick's glasses with tape on them in the car and identified the sunglasses in evidence as the ones she saw.

The defendant presented a defense in the nature of an alibi and produced five witnesses to verify that he could not have been at the scene of the offense at the time it occurred. Obviously the jury found that the events described by these witnesses occurred on a day other than August 21, 1973. This evidence was based primarily on the allegation that the defendant picked up some furniture in a borrowed truck on August 21 at the Nebraska Furniture Mart. A written instrument was produced indicating the pickup was made on August 22 but the dock foreman at the furniture mart could not say with certainty that an error had not occurred regarding the pickup date.

It is apparent that a jury question was presented and that the State's evidence, if believed by the jury, is suf-

ficient to justify and sustain the conviction. "In a criminal action, this court will not interfere with a verdict of guilty based upon conflicting evidence unless, as a matter of law, the evidence is so lacking in probative force that it is insufficient to support a finding of guilt beyond a reasonable doubt." State v. Corfield, 189 Neb. 163, 201 N. W. 2d 818.

During the trial the court was informed that a juror had discussed the case with an individual and had given the impression that he did not believe the State had proven its case against the defendant. The court called the juror and both counsel into chambers and questioned the juror about the incident. The juror did not recall the remark and stated he had not made up his mind at that time. Both counsel waived objection and there was no motion for a mistrial. The record fails to show whether or not the defendant was personally present during the incident. Defendant relies on People v. Medcoff, 344 Mich. 108, 73 N. W. 2d 537, and People v. Harris, 43 Mich. App. 746, 204 N. W. 2d 734, to sustain the allegation that it is error to exclude a defendant from such conferences. These cases were discussed in People v. Carroll, 49 Mich. App. 44, 211 N. W. 2d 233, and were distinguished as in those instances both the defendant and his counsel had been excluded. In People v. Carroll, *supra,* defense counsel was present and the court found the distinction to be a crucial one. It was held that no error occurred. We hold that a defendant's personal absence from inquiries into jurors' impartiality at in-chambers meetings is not prejudicial where defense counsel is present. Furthermore, the partiality of which the juror was accused in this case was in the defendant's favor.

In regard to the charged excessiveness of the sentences and the fact they were more severe than the one given Rick Brungardt, we find no error. Brungardt was a younger man, a follower, and not very bright. He pled guilty following a plea bargain and testified for the

State. The defendant had two previous felony convictions and appears to have been the prime mover in the offense committed. The sentences he received were well within those authorized by statute.

No error appearing, the judgment of the District Court is affirmed.

AFFIRMED.