STATE OF NEBRASKA, APPELLEE, v. ROBERT D. CLAIRE, APPELLANT.

227 N. W. 2d 15

Filed March 20, 1975. No. 39678.

T. Clement Gaughan, Richard L. Goos, and Dennis R. Keefe, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant was convicted on two counts of delivering a controlled substance, to wit, marijuana. He assigns as error the failure of the State to prove the substances were cannabis sativa L; the failure to expand on instruction on entrapment; and the rejection of certain collateral evidence. We affirm the judgment of conviction.

Defendant introduced evidence to the effect that there are at least two other species of the genus cannabis in addition to cannabis sativa L. The Nebraska statute, section 28-4,115 (14), R. S. Supp., 1974, defines marijuana as Cannabis sativa L. In this respect it is similar to the federal statute and to the statutes of a number of other states. The question presented is not new. In United States v. Rothberg, 480 F. 2d 534 (2d Cir., 1973), cert. den. 414 U. S. 856, in rejecting a similar defense, the court stated: "At the time of the enactment and amendment of the statutes in 1937 and 1956 and up to the time of the offense, there is no question but that the lawmakers, the general public and overwhelming scientific opinion considered that there was only one species of marihuana so that this Afghan hemp was included within the statutory definition. * * * Whether this is scientifically exact or not, the statute provided at the time of the offense a sufficient description of what was intended to be prohibited to give notice to all of the illegality of appellant's actions.

"To be sure, the use of a term in a criminal statute by a legislature under a misapprehension as to the ob-

ject described by it could not be corrected by a criminal court's amendment of the statute, but that is not the case here. There was no misapprehension by the Congress as to the generally accepted meaning of the term when used, and no showing under the offer of proof of any change in the generally accepted meaning up to the time of the offense. The statute as written must be read to cover the offense charged."

Other courts have arrived at similar conclusions. See, United States v. Gaines, 489 F. 2d 690 (5th Cir., 1974); United States v. Moore, 446 F. 2d 448 (3d Cir., 1971), cert. den. 406 U. S. 909; United States v. Walton (D. C Cir., 1-23-75); United States v. Honneus (D. C. Cir., 12-24-74); State v. Romero, 74 N. M. 642, 397 P. 2d 26; State v. Parker, 9 Wash. App. 970, 515 P. 2d 1307; Cassady v. Wheeler (Iowa), 224 N. W. 2d 649; Sizemore v. State (Ind. App.), 308 N. E. 2d 400. Although it would be well for legislative bodies to restrict the meaning of marijuana to the broader term "cannabis" encompassing all varieties of the plant, we agree with the foregoing decisions. The legislative intent was to include all species of marijuana and that intent was sufficiently clear to give defendant warning of the illegality of his acts.

The defendant testified that one Uphoff, an undercover agent for the police, supplied him with the marijuana and requested that he sell it to Ball, another undercover police investigator. With reference to count II, the defendant said he hid the marijuana under a building block adjacent to a tavern after receiving it from Uphoff, talked with Uphoff and Ball in their car, then went and got the marijuana. Uphoff and Ball both testified the defendant never left the car but had the marijuana when he first got in. There was also evidence that the place where it was alleged to have been hidden was too small to contain it, especially with reference to the packet referred to in count I which defendant claimed he also had hidden in the same spot for

a time. This evidence gave rise to the NJI on entrapment which defendant claims was not sufficiently specific. Defendant's requested instruction on the subject was ingenious but it was not a proper statement of the law. "If the court has instructed the jury generally on the law of the case and has not withdrawn any essential issue from consideration of the jury, error cannot be predicated on failure to charge on some particular phase of the case unless proper instruction has been requested by the party complaining." State v. Ford, 186 Neb. 109, 180 N. W. 2d 922.

Defendant sought to show that Uphoff had supplied controlled substances to others. He was permitted to go into it when he called Uphoff as his own witness. Uphoff denied the charge. Defendant was permitted to question Uphoff about giving controlled substances to one John Scott. Uphoff denied doing so. Defendant then sought to prove by John Scott and his sister that Uphoff had given them controlled substances. Objections to this line of questioning were sustained. The evidence had no bearing on, and was not pertinent to, the issues. It was offered with a view to impeaching Uphoff on a collateral matter. Ordinarily if a witness is examined on a matter collateral to the issue, he cannot as to his answer be subsequently contradicted by the party conducting the examination. See, Griffith v. State, 157 Neb. 448, 59 N. W. 2d 701; Latham v. State, 152 Neb. 113, 40 N. W. 2d 522. "Evidence which does not tend to impeach any witness on a material point and which is not substantive proof of any fact relative to the issue is properly excluded." State v. Wilson, 174 Neb. 86, 115 N. W. 2d 794.

The judgment of the District Court is affirmed.

AFFIRMED.