STATE OF NEBRASKA, APPELLEE, v. RICHARD T. FISCHER, APPELLANT.

234 N. W. 2d 205

Filed October 23, 1975. No. 40026.

William J. Riedmann and E. Terry Sibbernsen of Riedmann & Welsh, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

On May 1, 1974, an automobile driven by the appellant, Fischer, collided with a motorcycle operated by the decedent, Thomas, at the intersection of 38th and Hamilton Streets, Omaha, Nebraska. Thomas received injuries causing his death. Appellant was charged with felony motor vehicle homicide. At trial, the jury returned a verdict of guilty. Appellant was sentenced to imprisonment.

Appellant assigns errors, as follows: (1) That the foundation for the admission of evidence of the blood alcohol test was insufficient because there was no probable cause for the arrest of appellant; (2) that the trial court failed to instruct the jury properly in regard to consideration of decedent's conduct; and (3) that the evidence was insufficient to support the verdict of the jury. We affirm.

Appellant first contends that evidence relating to the test for blood alcohol should not have been received. The objection was raised at the trial by a motion to suppress and by an objection for lack of foundation, both of which were overruled. The record shows that appellant was placed under arrest by Lynch, the police

officer in charge of the investigation of the collision. Lynch testified that he examined the scene of the collision, interviewed witnesses, identified appellant as one of the drivers, and observed his condition including the strong odor of alcohol upon his breath. Thereupon, he arrested appellant and directed that he be taken to the Douglas County Hospital by another officer for a blood alcohol test. The test was taken and, upon analysis, it was found that the sample showed an alcoholic content by weight of 0.33 of one percent. The procedure followed by the officer was correct and the facts and circumstances as they appeared to him were amply sufficient to warrant a prudent man in believing that an offense had been committed by the appellant. Probable cause for the arrest existed, and the foundation for the evidence was proper. State v. Irwin, 191 Neb. 169, 214 N. W. 2d 595 (1974). The first assignment of error is overruled.

Next, the appellant contends that the trial court erred in failing to instruct the jury that it might consider the acts of the decedent in determining whether the 'alleged unlawful conduct by appellant was, in fact, the proximate cause of the collision and the death of the decedent. The record does not show that appellant requested any such instruction or that he objected to any of the given instructions before the case was submitted to the jury. In such a situation, the assignment of error may not be sustained unless it is shown that the given instructions were such as to cause a miscarriage of justice. State v. Claire, 193 Neb. 341, 227 N. W. 2d 15 (1975). The instructions given by the trial court correctly stated the elements of the offense charged, the burden of proof upon the State, and the definition of the term "proximate cause." Even without the language desired by the appellant, the given instructions allowed ample scope for the presentation of an argument that other causes, including conduct by the decedent, were the only proximate cause, thus raising a reason-

able doubt whether the State had established that appellant's conduct was the proximate cause, as required and defined. No miscarriage of justice could result from the given instruction. The second assignment of error is overruled.

Finally, the appellant contends that the evidence is insufficient to support the verdict. The appellant concedes the establishment of all the elements of the offense charged except the issue of proximate cause. Reference has already been made to the result of the chemical analysis of appellant's blood, showing an alcoholic content thereof by weight amounting to 0.33 of one percent, more than three times the maximum allowed by statute. Two officers testified to an opinion that appellant was under the influence of alcohol immediately following the collision. An eyewitness, who could see the approach of both vehicles to the point of collision, testified that after appellant had met and passed three motorcycles, his vehicle, displaying a left-turn signal, was stopped briefly in the intersection of 38th and Hamilton Streets and then commenced a left turn; that the witness had first observed the motorcycle when it was about three car lengths from the corner of the intersection, with lights on and traveling at a speed of 25 to 30 miles per hour, and that the collision followed immediately after appellant commenced his left turn. This testimony is consistent with the few physical facts shown, including short skidmarks made by appellant's vehicle, and the jury might well have based its finding thereon rather than matters brought out on cross-examination and in the contradicting testimony by appellant. The jury was entitled to find that appellant's condition, taken together with his conduct in failing to see decedent's motorcycle and in making an improper turn to his left, constituted the proximate cause of the collision and death. The resolution of conflicts in evidence, the plausibility of explanations, the credibility of witnesses, or the weight of evidence are for the jury and not for

this court. State v. Cano, 191 Neb. 709, 217 N. W. 2d 480 (1974). A verdict of guilty, based upon conflicting evidence, will not be set aside unless, as a matter of law, the evidence is so lacking in probative force that it is insufficient to support the finding beyond a reasonable doubt. State v. Corfield, 189 Neb. 163, 201 N. W. 2d 818 (1972). Since this is not the case under the record presented, the third assignment of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.