Willie NEVELS, Appellant and
Cross-Appellee,

v.

Robert F. PARRATT, Warden, Nebraska
State Penitentiary, Appellee and
Cross-Appellant.

Nos. 78–1874, 79–1017.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1979.

Decided April 20, 1979.

Stephen L. Ahl, Barlow, Johnson, DeMars & Flodman, Lincoln, Neb., on brief, for Nevels.

Paul L. Douglas, Atty. Gen., and Marilyn B. Hutchinson, Asst. Atty. Gen., Lincoln, Neb., on brief, for Parratt.

Before ROSS, STEPHENSON and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Appellant Willie Nevels appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by the district court.[1] We affirm.

Appellant was convicted of rape and kidnapping in the Nebraska state courts and his conviction was affirmed by the Nebraska Supreme Court.[2] He petitioned for a writ of habeas corpus on two grounds: he was excluded from an in camera hearing in the state trial judge's chambers regarding possible juror misconduct and his trial attorney rendered ineffective assistance of counsel. The district court denied the petition and Nevels appealed.

The facts giving rise to appellant's interrelated claims may be briefly stated. Appellant's first trial resulted in a mistrial. The second trial commenced on February 4, 1974. The jury began its deliberations late in the afternoon on February 7, 1974, and following the trial court's admonishment not to discuss the case with anyone were permitted to separate for the night.

On February 8, 1974, the county attorney requested an in camera hearing with the court regarding possible juror misconduct. Appellant's trial attorney and the Douglas County Attorney were present when the trial judge questioned a law student who spoke to a juror on the evening of February 7, 1974, at a local tavern. The law student said the juror told him he did not think the state had proven its case against the appellant. The court determined that the juror should be questioned and both counsel agreed to the court's questioning of the juror.[3] The juror stated he had not made up his mind at the time he was at the bar. He could not remember saying the prosecution failed to prove its case. He reaffirmed his ability to remain fair and impartial and his realization of the importance of fairness to both appellant and the state. He further stated that nothing said at the bar was carried into his deliberations that day and assured the court that no one attempted to influence his decision. He was then sent back to the jury room. Appellant's counsel did not move for a mistrial.

At the hearing in federal district court appellant's trial counsel testified that while it was his policy to consult appellant on many matters, he failed to request that appellant be present during the in camera hearing in the state trial judge's chambers. He testified that he did not move for a mistrial because it appeared to him the

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. *State v. Nevels*, 192 Neb. 668, 223 N.W.2d 668 (1974).

3. It does not appear, nor is it argued by the parties, that the judge's questioning of the juror was improper or unfair.

juror favored a not guilty verdict. If a mistrial was granted he felt certain the state would retry appellant and therefore would have advised appellant, had he informed him at all, against a motion for mistrial in hopes the jury would return a not guilty verdict or would be unable to reach a verdict.

*The Right to be Present.*

The district court recognized that a defendant's right to be present at every stage of his trial is not all encompassing. *Snyder v. Massachusetts,* 291 U.S. 97, 116, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *Cox v. United States,* 309 F.2d 614, 616 (8th Cir. 1962). However, after an extensive analysis of *Jackson v. Hutto,* 508 F.2d 890 (8th Cir. 1975) and other related precedent, the district court concluded the right to be present, whether it be grounded in the fourteenth or sixth amendments, encompassed the situation where a judge makes inquiries of jurors about matters that may affect the jurors' decision about the defendant's guilt. However, the district court dismissed the petition on the ground the error resulting from appellant's absence was harmless beyond a reasonable doubt. The state cross-appeals the decision that the right to be present does encompass an in chambers hearing regarding possible juror misconduct. We affirm the district court and reject the cross-appeal.

In *Jackson v. Hutto, supra,* 508 F.2d at 891–92, the state trial judge, counsel for the defendant and the prosecution each responded on several occasions to a jury's inquiries as to whether they must find the defendant guilty on seven counts of robbery or whether they might return a verdict on one count only. We held that these communications were improper and that the defendant's right to be present at all stages of the trial not only encompassed such a situation but was also constitutionally grounded. However, the record reflected no prejudice to the defendant resulting from the "unusual colloquies" and we affirmed the dismissal of his petition for writ of habeas corpus.

■ We agree with the district court that appellant's right to be present at all stages of his trial included a right to be present at the in camera hearing regarding possible juror misconduct. Although a presumption of prejudice arises when constitutional error is committed the state may rebut this presumption by a showing that the error is harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The state has shown that the juror remained impartial and that neither the occurrence at the tavern nor the in camera hearing affected his ability to remain fair and impartial. Therefore, we find that the error in excluding appellant from the questioning was harmless beyond a reasonable doubt.

*Ineffective Assistance of Counsel.*

The appellant also claims that he received ineffective assistance of counsel.

"The evaluation of a habeas corpus petition alleging ineffective assistance of counsel is a two-step process in this circuit." *Rinehart v. Brewer,* 561 F.2d 126, 131 (8th Cir. 1977). First, the defendant must show that his attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *Benson v. United States,* 552 F.2d 223, 224 (8th Cir. 1977), *cert. denied,* 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977); *Pinnell v. Cauthron,* 540 F.2d 938, 939–40 (8th Cir. 1976); *United States v. Easter,* 539 F.2d 663, 666 (8th Cir. 1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). Secondly the defendant must show he was materially prejudiced in the defense of his case by the actions or inactions of defense counsel. *Rinehart v. Brewer, supra,* 561 F.2d at 131; *Benson v. United States, supra,* 552 F.2d at 224; *Pinnell v. Cauthron, supra,* 540 F.2d at 943; *Crismon v. United States,* 510 F.2d 356, 358 (8th Cir. 1975). *Morrow v. Parratt,* 574 F.2d 411, 412–13 (8th Cir. 1978) (footnote omitted).

■ The appellant has cited no cases, and we have found none, in which a federal

court has held that actions and inactions similar to those complained of here amounted to a breach of an attorney's duty to perform competently. Nevels' attorney exercised his best trial judgment in deciding not to ask for a mistrial and should not be second guessed on this decision at this stage of the proceeding. For the reasons stated in the previous section of this opinion, we also find no material prejudice in the defense of appellant's case.

The order of the district court is affirmed.