## PEOPLE *v.* JASKULSKI.

1. CRIMINAL LAW—EVIDENCE—TRIAL.

   In a criminal case, where it was shown that defendant, while awaiting trial, escaped from jail and was a fugitive from justice in another State, admitting testimony by the sheriff that when he went after defendant the latter stated he would make the people all the trouble he could, was not prejudicial error.[1]

2. RAPE — STATUTORY RAPE — EVIDENCE — ADMITTING IMMATERIAL, QUESTION NOT REVERSIBLE ERROR.

   In a prosecution for statutory rape, where consent of the female is not an element of the offense, allowing the prosecutor to ask her if she had any one to give her good moral advice was not prejudicial to defendant, since lack of moral instruction would neither aggravate or mitigate the offense.[2]

3. CRIMINAL LAW—TRIAL—ADVISING JURY IN ABSENCE OF DEFENDANT—APPEAL AND ERROR.

   Where, after having been out for a time, the jury returned into court and asked whether certain testimony had been stricken out, and they were advised and the substance of a short part of the charge of the court was repeated to them in the absence of the defendant and his counsel, such practice, while not commended, cannot be said to be reversible error; all that was read and said having been given in their presence during the trial.[3]

4. SAME—SHERIFF NOT DISQUALIFIED FOR HAVING CHARGE OF JURY BECAUSE HE WAS A WITNESS.

   That the sheriff was a witness in a criminal case did not disqualify him for the duties of his office, and, in the absence of a showing of improper conduct on his part, there was no error in having him in charge of the jury.[4]

Error to Barry; McPeek (Russell R.), J. Submitted July 13, 1926. (Docket No. 146.) Decided October 4, 1926.

[1]Criminal Law, 16 C. J. § 1070; [2]Id., 17 C. J. § 3662; [3]Id., 16 C. J. § 2067; [4]Id., 16 C. J. § 2522.

Ivan Jaskulski was convicted of statutory rape, and sentenced to imprisonment for not less than 8 nor more than 16 years in the State prison at Jackson. Affirmed.

*Thaddeus B. Taylor,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Kim Sigler,* Prosecuting Attorney, for the people.

WIEST, J.    Defendant reviews, by writ of error, his conviction of the crime of rape upon a female under the age of 16 years. Four errors are assigned. None command reversal. It seems there was a previous trial resulting in a disagreement of the jury. While in the county jail awaiting the second trial defendant escaped and fled to North Dakota where he assumed the name of Robert Cressy. The sheriff was permitted to testify that, when he went to North Dakota, defendant there said he would make the people all the trouble he could. Defendant claims the jail door was open and he went away to earn money for his defense. Whether the jail door was open or not defendant was a prisoner awaiting trial and as such escaped, and in North Dakota was a fugitive from justice and he cannot be heard to complain of proof of any statement he made of his intention to impede, delay, or stay justice if he could. It was, of course, an idle threat but somewhat indicative of his attitude in escaping from jail and fleeing from justice.

The prosecutor was allowed to ask the girl if she had any one to give her good moral advice. In statutory rape the female cannot consent, and lack of moral instruction neither aggravates or mitigates the offense. The prosecutor went out of his way in asking the question for the answer could not in any way aid the prosecution, but we cannot discover that it was prejudicial to defendant.

After being absent for a time the jury came into court and asked whether certain testimony had been stricken out, and were advised. This was done in the absence of defendant and his counsel, and the substance of a short part of the charge of the court was repeated. All that was read and said had been given in the presence of defendant and his counsel during the trial, and, while we do not commend the practice indulged, defendant being in custody and his presence readily available, we cannot reverse the conviction on such ground. What was done falls within the principle announced in *People* v. *LaMunion,* 64 Mich. 709.

The sheriff was a witness, as above mentioned, and was also in charge of the jury. The point is made that it was error to place the jury in his charge. The bald fact that the sheriff was a witness did not at all disqualify him from the duties of his office, and, in the absence of a showing of improper conduct, there was no error in having the sheriff in charge of the jury. *People* v. *Coughlin,* 65 Mich. 704; *People* v. *Beverly,* 108 Mich. 509.

The conviction is affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.