PEOPLE v. TOWNSEND

1. CRIMINAL LAW—TRIAL—PRESENCE OF DEFENDANT—EVIDENCE.
    A defendant was not denied his constitutional and statutory right to be present at the trial of a criminal case where, in his absence and during the jury's recess, a discussion of a minute or so between the court and counsel for both parties was held involving two inconsequential changes in the proposed instruction to the jury on the elements of the offense with which defendant was charged and the general content of the instruction, both of which were expressly approved by defense counsel, no objection was directed at defendant's absence, and argument on the propriety of an instruction on a lesser included offense had just begun when defendant entered the courtroom and it was carried on fully in his presence, nothing in the nature of evidence was introduced in his absence and his counsel was present throughout (Const 1963, art 1, § 20, MCLA § 768.3).

2. CRIMINAL LAW—ATTORNEY AND CLIENT—ADEQUACY OF COUNSEL.
    A defendant's representation by counsel in a criminal case is adequate where the allegations of denial of adequate assistance of counsel are either unsupported by the record or insubstantial.

Appeal from Wayne, Victor J. Baum, J. Submitted Division 1 April 7, 1970, at Detroit. (Docket No. 7,476.) Decided June 1, 1970.

Robert Lee Townsend was convicted of armed robbery. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 278, 289, 291, 299.
[2] 21 Am Jur 2d, Criminal Law § 315.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*David A. Chaplan,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

PER CURIAM. Defendant Robert Lee Townsend appeals as of right from a jury conviction of armed robbery,[1] entered on December 10, 1968, in the Wayne county circuit court. He asserts two arguments on appeal, neither of which entails reversal.

Near the end of the trial, and while the jury was recessed, a discussion lasting only a minute or so was held by the court, the prosecutor, and defense counsel in the defendant's absence. No objection was directed at his absence. The discussion, which appears on the record, involved two inconsequential changes in the wording of the proposed instruction on the elements of armed robbery, the general content of the instruction itself, and the propriety of an instruction on the lesser, included offense of unarmed robbery. Defense counsel expressly approved both the content of the proposed instruction and the changes in wording. Argument on the propriety of an instruction on the lesser, included offense, just begun when the defendant entered the courtroom, was carried on fully in his presence. On these facts, defendant concludes he was denied his constitutional[2] and statutory[3] right to be present at the trial. *People* v. *Medcoff* (1955), 344 Mich 108.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).
[2] Const 1963, art 1, § 20.
[3] MCLA § 768.3 (Stat Ann 1954 Rev § 28.1026).

We disagree. Nothing in the nature of evidence was introduced in the defendant's absence. *People v. Hull* (1891), 86 Mich 449; *People v. Raider* (1931), 256 Mich 131. And, unlike *Medcoff, supra,* defense counsel was present throughout. See *People v. Kregger* (1953), 335 Mich 457. With these considerations in mind, it cannot be said from this record that defendant's absence from the courtroom requires reversal of his conviction.

Defendant's second argument is that he was denied adequate assistance of counsel. The allegations underlying this argument are either unsupported by the record or insubstantial, and therefore require no discussion. It is our conclusion that the representation was adequate.

"As we have said on several occasions, counsel that is 'only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation' is not effective representation. *People v. Wynn* (1968), 14 Mich App 268, 269; *People v. Davison* (1968), 12 Mich App 429, 434; *People v. Crawford* (1969), 16 Mich App 92, 96. However, defendant's trial counsel cannot be so characterized. Effective representation does not mean successful representation." *People v. Higginbotham* (1970), 21 Mich App 489.

Affirmed.