# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HARVEY EUGENE JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
March 8, 2016

No. 324563
Oakland Circuit Court
LC No. 2014-248987-FC

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(b)(*ii*), for performing cunnilingus on his 15-year-old daughter in July 2013. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE - SEXUAL PENETRATION

Defendant argues that there was insufficient evidence of an act of sexual penetration to support his conviction of first-degree CSC. We disagree. A challenge to the sufficiency of the evidence is reviewed de novo on appeal. *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007). This Court must review the record de novo and, viewing both direct and circumstantial evidence in a light most favorable to the prosecution, determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Hoffman*, 225 Mich App 103, 111; 570 NW2d 146 (1997); *People v Hammons*, 210 Mich App 554, 556; 534 NW2d 183 (1995).

First-degree CSC is predicated on an act of "sexual penetration" with another person. MCL 750.520b(1). The term "sexual penetration" is statutorily defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCL 750.520a(r). Cunnilingus involves "the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself, or the mons pubes." *People v Harris*, 158 Mich App 463, 470; 404 NW2d 779 (1987). Accord M Crim JI 20.1(2)(c) (describing cunnilingus as the "touching of [name complainant's] [genital openings/genital organs] with the defendant's mouth or tongue"). "Defendant's touching with his mouth of the urethral opening, vaginal opening, or labia establish cunnilingus." *People v Legg*, 197 Mich App 131, 133; 494 NW2d 797 (1992). The victim

-1-

testified that when she was 15 years old, defendant licked her genital area; specifically, he placed his tongue on her vagina. This testimony, if believed, was sufficient to prove that defendant performed an act of cunnilingus, which by definition constitutes an act of penetration. "There is no requirement, if cunnilingus is performed, that there be something additional in the way of penetration for that sexual act to have been performed." *Harris*, 158 Mich App at 470. Accordingly, there is no merit to defendant's argument.

## II. OTHER-ACTS EVIDENCE

Defendant argues that the prosecutor improperly elicited the victim's testimony that defendant had engaged in other acts of sexual contact and penetration with her when she was several years younger. Defendant argues that this testimony was improper propensity evidence and was also inadmissible because the prosecution did not provide notice before trial of its intent to introduce the evidence. Defendant did not object to the prosecutor's conduct or to the challenged testimony at trial; therefore, this issue is unpreserved. See MRE 103(a)(1); *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). We review unpreserved claims of evidentiary error and prosecutorial misconduct for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999); *People v Goodin*, 257 Mich App 425, 431; 668 NW2d 392 (2003).

Defendant also argues that defense counsel was ineffective for failing to object to the prosecutor's conduct or the challenged testimony. Because defendant failed to raise an ineffective assistance of counsel issue in the trial court, our review of that issue is limited to errors apparent from the record. *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002). Whether a defendant has been denied effective assistance of counsel is a mixed question of law and fact. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). To establish a claim of ineffective assistance of counsel, defendant must "show both that counsel's performance fell below objective standards of reasonableness, and that it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error." *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007).

The other-acts evidence at issue involves the victim's testimony that defendant had engaged in acts of sexual contact and penetration with her when she was several years younger. Defendant first contends that this testimony was not admissible because it constituted improper propensity evidence, and thus the prosecutor committed misconduct by eliciting it. Although other-acts evidence is not admissible to show the defendant's propensity for particular conduct under MRE 404(b)(1), certain evidence is admissible for that purpose under MCL 768.27a. *People v Uribe*, 310 Mich App 467, 469-471; 872 NW2d 511 (2015). If the defendant is charged with "committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). The victim was a minor, because she was a person "less than 18 years of age," MCL 768.27a(2)(b), and the other acts of first- and second-degree CSC with a minor constitute listed offenses. MCL 768.27a(2)(a); MCL 28.277(j), (w)(*iv*), and (w)(*v*). Therefore, the victim's other-acts testimony was admissible for propensity purposes unless the trial court found that it was subject to exclusion under MRE 403. *People v Watkins*, 491 Mich 450, 487; 818 NW2d 296 (2012). Defendant did not object to the admission of the evidence under MRE 403 and offers no argument that its probative value was substantially

outweighed by the danger of unfair prejudice. Therefore, defendant has not shown a plain error in the admission of the evidence.

Because the evidence was admissible for propensity purposes, defendant's related claims must fail. The prosecutor did not commit misconduct by eliciting the testimony because "prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence. The prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). And because the evidence was admissible, defense counsel was not ineffective for failing to object. "Defense counsel is not required to make a meritless motion or a futile objection." *Goodin*, 257 Mich App at 433.

Defendant also argues that the evidence should have been excluded because the prosecutor did not provide notice before trial that the evidence would be offered at trial. MCL 768.27a provides that "[i]f the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expect to be offered." MCL 768.27a(1). While the statute requires notice, it does not require any particular form of notice. The victim testified regarding the prior acts at the preliminary examination, which was held several months before trial. Defense counsel's statement at the preliminary examination that the evidence would be "scrutinize[d] . . . at trial" indicated that he was aware that the same testimony would be offered at trial. Therefore, defendant has not shown a plain error with regard to notice. And because defendant has not shown that he did not have notice of the prosecutor's intent to offer the victim's other-acts testimony, his claim that counsel was ineffective for failing to object on that basis must be rejected. See *Goodin*, 257 Mich App at 433.

### III. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order 2004-6, Standard 4, none of which have merit.

### A. SUFFICIENCY OF THE EVIDENCE - IDENTITY

Although the victim testified that defendant, who is her father, performed cunnilingus on her when she was 15 years old, defendant argues that the evidence was insufficient to prove that he could have committed the charged offense because other uncontradicted evidence established that he was not at home when the offense allegedly was committed. Defendant's argument implicates his identity as the perpetrator. "[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Thus, the identity of a defendant as the perpetrator of an offense must be proved beyond a reasonable doubt for a jury to convict. *Id*.

The victim's testimony regarding the exact date and time of the incident was inconsistent. She identified both July 2 and July 3 as the date of the incident. She did tie the incident to the day she had half a day of school, which was the same day that she and defendant pawned some

laptop computers. Receipts showed that the laptops were pawned on July 2. Regarding the time of the incident, the victim testified that it occurred sometime after she got home from school, which was anywhere between 10:15 and 11:15 a.m., but before the laptops were pawned, and receipts showed that the laptops were pawned at 1:31 p.m. The victim estimated the time of the incident as 11:00 a.m. in her police statement and defendant produced evidence to show that he was not home at that time and could not have gotten home until sometime after 11:11 a.m. Although the inconsistencies with the victim's testimony gave the jury a reason to question her credibility, it was not required to do so. "Witness credibility and the weight accorded to evidence is a question for the jury, and any conflict in the evidence must be resolved in the prosecution's favor." *People v McGhee*, 268 Mich App 600, 624; 709 NW2d 595 (2005). "T]his Court will not interfere with the role of the trier of fact of determining the weight of the evidence or the credibility of witnesses." *People v Hill*, 257 Mich App 126, 141; 667 NW2d 78 (2003). The jury could have found that the victim was confused about the exact date and time of the incident, but still believed her testimony that the sexual act occurred, and found that defendant was at home sometime after 11:11 a.m., but before 1:31 p.m. on July 2, and the incident occurred during that period. Accordingly, the evidence was sufficient to support the jury's finding that defendant committed the charged sexual act.

## B. GREAT WEIGHT OF THE EVIDENCE

Defendant also argues that the jury's verdict is against the great weight of the evidence. Defendant did not preserve this issue by raising it in a motion for a new trial. See *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011). An unpreserved issue regarding the great weight of the evidence is reviewed for plain error affecting the defendant's substantial rights. *People v Cameron*, 291 Mich App 599, 618; 806 NW2d 371 (2011).

A verdict is against the great weight of the evidence when "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). Defendant has not fully developed his claim that the verdict was against the great weight of the evidence. It appears to be predicated on the victim's inconsistent accounts of the date and time of the offense. "In general, conflicting testimony or questions concerning the credibility of the witnesses are not sufficient grounds for granting a new trial." *People v Brantley*, 296 Mich App 546, 553; 823 NW2d 290, amended 296 Mich App 801 (2012). "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial" absent exceptional circumstances, such as where the testimony contradicts indisputable physical facts or laws, the testimony is patently incredible or defies physical realities, the testimony is material and is so inherently implausible that it could not be believed by a reasonable juror, or the testimony has been seriously impeached and the case is marked by uncertainties and discrepancies. *People v Lemmon*, 456 Mich 625, 643-644, 647; 576 NW2d 129 (1998).

As indicated, the victim's testimony regarding the exact date and time of the incident was inconsistent, but her testimony identifying defendant as the perpetrator of the sexual act was not so far impeached or so inherently implausible that a reasonable jury could not conclude that defendant committed the offense sometime after he returned from court and before he went to the pawnshop. Defendant has offered no argument that exceptional circumstances exist under

-4-

*Lemmon* that would warrant rejection of the jury's determination regarding the victim's credibility. Therefore, defendant has not shown a plain error.

## C. OTHER ACTS EVIDENCE JURY INSTRUCTION

Defendant argues that he was prejudiced because the trial court gave a cautionary instruction on the limited use of other-acts evidence, despite the fact that the prosecution elected not to present other acts witnesses at trial. However, defense counsel affirmatively approved the instructions as given, thereby waiving this claim. See *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011). A waiver extinguishes any error, leaving no error to review. *People v Carter*, 462 Mich 206, 219-220; 612 NW2d 144 (2000). We also reject defendant's related claim of ineffective assistance of counsel. Although the prosecutor did not call the other-acts witnesses identified in his motion in limine, he did elicit other-acts testimony from the victim. Because the instruction was appropriate in light of the victim's other-acts testimony, counsel was not ineffective for failing to object. See *Frazier*, 478 Mich at 243.

## D. CLAIMS RELATING TO DEFENDANT'S ALIBI

The victim testified that the incident occurred after she got home from school, which was anywhere from 10:15 to 11:15 a.m., but before she and defendant went to the pawnshop, which was around 1:30 p.m. Defendant presented a partial alibi, presenting evidence that he was at court with Deputy Carter, being arraigned on an outstanding support warrant between 10:44 and 11:11 a.m. The parties stipulated to the admission of Carter's proposed testimony rather than calling him as a witness.

Defendant argues that counsel was ineffective for failing to file a notice of alibi as required by MCL 768.20(1). The failure to file and serve the requisite notice mandates exclusion of evidence establishing the alibi apart from the defendant's own testimony, MCL 768.21; *People v Merritt*, 396 Mich 67, 89; 238 NW2d 31 (1976), unless the trial court rules otherwise. *People v Travis*, 443 Mich 668, 679-680; 505 NW2d 563 (1993). Even if counsel should have filed the notice, defendant clearly was not prejudiced by the omission because he was able to present his alibi to the jury.

Defendant's claim that the trial court erred by failing to give an alibi instruction to the jury has been waived because counsel approved the instructions as given. See *Kowalski*, 489 Mich at 504. Defendant alternatively claims that defense counsel was ineffective for failing to request an alibi instruction, but because the trial court properly instructed the jury on the elements of the offense and the prosecutor's burden of proof, defendant was not prejudiced by any error. See *People v Sabin (On Second Remand)*, 242 Mich App 656, 660; 620 NW2d 19 (2000).

In a related claim, defendant contends that the trial court erred in giving M Crim JI 3.10a (time is not an element of the offense) because it undermined his alibi and thereby violated his right to present a defense. "Time is not of the essence, nor is it a material element, in criminal sexual conduct cases involving a child victim." *People v Dobek*, 274 Mich App 58, 83; 732 NW2d 546 (2007). The fact that defendant intends to offer an alibi does not make time of the essence, *id*., nor does it require the prosecutor to commit to a specific date and time. *People v*

*Naugle*, 152 Mich App 227, 234; 393 NW2d 592 (1986). Because the trial court instructed the jury in accordance with the law, the court did not infringe on defendant's right to present a defense. Defendant was not prevented from presenting evidence showing that he was elsewhere during a portion of the time window when the crime could have been committed. Defendant alternatively claims that counsel was ineffective for failing to object to the instruction. Because the instruction was a proper statement of the law, any objection would have been futile. "Defense counsel is not required to make a meritless motion or a futile objection." *Goodin*, 257 Mich App at 433.

Defendant argues that counsel was ineffective for stipulating to Carter's proposed testimony. Defendant asserts that testimony of a live witness "would have carried much more weight and credibility." First, there is nothing in the record to suggest that the jury rejected the substance of the stipulation. Second, there is nothing in the record regarding Carter's demeanor from which to conclude that he would have made a convincing and credible witness. Third, regardless of how convincing and credible he may have been, that did not guarantee that the jury would accept his testimony. It is up to the jury "to weigh the evidence and decide which testimony to believe," *People v Jones*, 115 Mich App 543, 553; 321 NW 2d 723 (1982), aff'd 419 Mich 577 (1984), and the jury is "free to believe or disbelieve, in whole or in part, any of the evidence presented at trial." *People v Eisenberg*, 72 Mich App 106, 115; 249 NW2d 313 (1976). Therefore, this aspect of defendant's claim must fail.

Defendant also argues that counsel was ineffective for agreeing to the stipulation because it precluded him from eliciting "other details" from Carter. There is nothing in the record apart from the stipulation indicating what additional testimony Carter could have offered and defendant has not identified these details, much less explained how they would have supported his alibi or otherwise refuted or undermined the evidence against him. Therefore, this aspect of defendant's claim also fails.

Defendant next argues that counsel was ineffective for failing to offer into evidence a copy of his arrest report, which supported his claim that he was in custody on July 2. The victim's testimony indicated that the incident probably occurred on July 2, because that was the day the laptops were pawned and the victim tied the incident to that event. The record shows that defendant was with Carter for about half an hour that morning, but was not in custody the entire day because he was at the pawnshop at 1:31 p.m. There is nothing in the record to show what information was in the arrest report, much less that it placed defendant in custody between 11:11 a.m. and approximately 1:15 p.m. Therefore, this aspect of defendant's claim must fail.

E. CLAIMS OF PROSECUTORIAL MISCONDUCT

Defendant argues that the prosecutor committed misconduct by asking leading questions of the victim during redirect examination. The trial court allowed the prosecutor to do so over defendant's objection. The prosecutor does not commit misconduct by doing that which is expressly permitted by the trial court. *People v Curry*, 175 Mich App 33, 44; 437 NW2d 310 (1989).

Defendant next argues that the prosecutor committed misconduct by eliciting false testimony from the victim. A prosecutor may not knowingly use false testimony to obtain a

conviction. *People v Lester*, 232 Mich App 262, 277; 591 NW2d 267 (1998), overruled in part on other grounds by *People v Chenault*, 495 Mich 142; 845 NW2d 731 (2014). However, the defendant is not entitled to relief unless the prosecutor knew that the witness lied and there is a reasonable likelihood that the witness's false testimony affected the jury's verdict. *Lester*, 232 Mich App at 280. The fact that the victim's testimony may have been inconsistent does not establish that it was objectively false, much less that the prosecutor knew it was false. While there were contradictions between the victim's trial testimony and her prior testimony and statement, no prosecutorial misconduct was involved because the prosecutor did not attempt to conceal the prior testimony and statement from defendant, who was able to use them to impeach the victim's trial testimony. See *People v Parker*, 230 Mich App 677, 690; 584 NW2d 753 (1998). It was up to the jury, having been presented with all the inconsistencies regarding the date and time of the offense, to decide what evidence to believe. See *Eisenberg*, 72 Mich App at 115.

Defendant next argues that the prosecutor committed misconduct because of something to do with the date of the offense. Defendant's claim appears to relate to the fact that the prosecutor was allowed to change the alleged date of the offense from "on or about July" to "on or about July 3" to conform to the victim's preliminary examination testimony, but then presented evidence that the incident actually occurred on July 2. Inasmuch as July 2 is around the date of July 3 and the discrepancies regarding the date and time of the offense were made known to the jury, there was no error.

Defendant next argues that the prosecutor committed misconduct by suppressing evidence. Defendant's claim is unclear, but appears to relate to the fact that the prosecutor failed to discover that the incident occurred on July 2 rather than July 3, and disclose the correct date to the defense. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963). The *Brady* rule "only applies to evidence that was known to the prosecution, but unknown to the defense, at the time of trial." *Apanovitch v Houk*, 466 F3d 460, 474 (CA 6, 2006). It does not require the prosecutor is to seek and find exculpatory evidence. *People v Coy*, 258 Mich App 1, 21; 669 NW2d 831 (2003). Apart from the fact that defendant has not shown that the prosecutor had evidence establishing that the incident happened on July 2 and failed to disclose it, the record shows that defendant discovered that information himself and was able to present it at trial. Therefore, even if a *Brady* violation had occurred, there is no basis for concluding that it affected the outcome of the trial.

### F. REHEARING TESTIMONY

During deliberations, the jury asked for a transcript of the victim's trial testimony. Because no transcript was available, the trial court allowed it to view a video recording of the victim's testimony. The record discloses that this was done with the consent of counsel for both parties.

Although defendant argues that it was improper to allow the jury to view the video recording of the victim's trial testimony, because defense counsel approved the court's response to the jury's request, the issue has been waived. See *Carter*, 462 Mich at 218-220. Even if the

issue had not been waived, the trial court did not abuse its discretion in granting the jury's request because the request was reasonable. See MCR 2.513(P). There is nothing in the record to support defendant's claim that the recording was not redacted to exclude matters that were addressed outside the jury's presence. Defendant was not required to personally consent to the replaying of the video. Personal consent is not required by MCR 2.513(P), and defendant's reliance on MCR 6.006(C)(2) is misplaced because that rule relates to trial testimony given by a witness from a remote location, not to the replaying of testimony given by a witness who appeared at trial in person. Finally, because "[a] defendant does not have a right to have a jury rehear testimony," *Carter*, 462 Mich at 218, and the court rule allows the jury to review "certain testimony or evidence," the trial court was not required to force the jury to review all other evidence in addition to the victim's testimony.

Defendant next argues that the trial court violated his right to be present when it addressed and responded to the jury's request in his absence. First, there is nothing in the record to indicate whether defendant was present or absent when the matter was discussed. Second, while a "defendant has a right to be present during . . . any . . . stage of trial where the defendant's substantial rights might be adversely affected," *People v Mallory*, 421 Mich 229, 247; 365 NW2d 673 (1984), the general rule is "that motions, conferences and discussions of law, even during trial, do not involve substantial rights vital to the defendant's participation in his defense." *People v Thomas*, 46 Mich App 312, 320; 208 NW2d 51 (1973).

Alternatively, defendant argues that defense counsel was ineffective for the manner in which he handled the jury's request. Inasmuch as the court's decision to grant the request was appropriate under MCR 2.517(P), counsel did not make a serious error by consenting rather than objecting to the replaying of the testimony. The record does not reflect what else transpired in connection with the jury's request and thus does not show whether counsel objected to defendant's absence (if he was in fact absent), whether he took steps to ensure that the video was edited before it was played, or whether he requested a cautionary instruction. "Thus, there are no errors apparent on the record" and "defendant's argument that he was denied ineffective assistance of trial counsel" must fail. *People v Pratt*, 254 Mich App 425, 430; 656 NW2d 866 (2002).

## G. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant has raised various additional claims of ineffective assistance of counsel in addition to those discussed in relation to the issues addressed earlier.

Defendant argues that counsel was ineffective because he did not object when the court failed to give "an adequate instruction on the defenses [sic] evidence or the theory presented at trial." The trial court is required to instruct the jury in accordance with the Model Criminal Jury Instructions, MCR 2.512(D)(2), and the model instructions do not include an instruction regarding the defendant's evidence. Because the court is not required to instruct on the defendant's evidence, the court's failure to include such an instruction was not error and any objection would have been futile. The trial court is required to instruct the jury "on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case." MCR 2.512(B)(2). Because a theory of the case need

only be given upon request, and defendant did not make such a request, the court's failure to include such an instruction was not error and any objection would have been futile.

Defendant argues that counsel was ineffective because he "mistated [sic] the actual time defendant was released from the custody of the Friend of the Court" with Carter. As noted above, defendant was with Carter between 10:44 and 11:11 a.m. At various times, counsel rounded off the end time, referring to it as 11:10 a.m. The trial court gave the jury the standard instructions regarding counsel's questions to witnesses and counsel's closing arguments, M Crim JI 3.5(5), and jurors are presumed to follow instructions unless the contrary is clearly shown, *People v McAlister*, 203 Mich App 495, 504; 513 NW2d 431 (1994), which defendant has not done here.

Defendant next argues that counsel was ineffective because he admitted during closing argument that it was possible that defendant had committed the crime. A complete concession of the defendant's guilt renders counsel ineffective. *People v Krysztopaniec*, 170 Mich App 588, 596; 429 NW2d 828 (1988). However, counsel is not ineffective for conceding what is obvious based upon the evidence. *People v Wise*, 134 Mich App 82, 98; 351 NW2d 255 (1984). The evidence supported a finding that defendant arrived home sometime after 11:11 a.m., but before 1:31 p.m. on July 2 and the incident could have occurred during that period. Because defendant's alibi did not account for the entire time period when the incident could have occurred, it was not unreasonable for counsel to acknowledge that fact and try to minimize it by arguing that the possibility was remote rather than ignore it and risk the prosecutor capitalizing on the omission in rebuttal. "The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

Defendant lastly argues that counsel was ineffective because he did not object to the prosecutor's cross-examination of the witness who produced the pawnshop receipts. The prosecutor is entitled to cross-examine defense witnesses. *People v McRunels*, 237 Mich App 168, 183; 603 NW2d 95 (1999). "A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." MRE 611(c). "A broad range of evidence may be elicited on cross-examination for the purposes of discrediting a witness." *Wischmeyer v Schanz*, 449 Mich 469, 474; 536 NW2d 760 (1995) (footnote omitted). The matters to which defendant takes exception were within the scope of permissible cross-examination and thus defense counsel had no reason to object. "Defense counsel is not required to make a meritless motion or a futile objection." *Goodin*, 257 Mich App at 433.

## H. JUDICIAL BIAS

Defendant argues that virtually every ruling the trial court made favored the prosecutor and thus must have been the result of bias in favor of the prosecutor or prejudice against defendant. Because defendant never objected to the trial judge's conduct or raised a claim of judicial bias in the trial court, this issue is unpreserved. See *People v Conley*, 270 Mich App 301, 305; 715 NW2d 377 (2006). Therefore, review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 763-764.

"[J]udicial rulings, in and of themselves, almost never constitute a valid basis for" disqualification on the basis of bias or prejudice, *Armstrong v Ypsilanti Twp*, 248 Mich App 573, 597; 640 NW2d 321 (2001), and repeated rulings against a litigant, even if erroneous, do not establish bias or prejudice. *Band v Livonia Assoc*, 176 Mich App 95, 118; 439 NW2d 285 (1989). To overcome the presumption of impartiality, the aggrieved party must show that the court's rulings "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Cain v Dep't of Corrections*, 451 Mich 470, 496-497; 548 NW2d 210 (1996) (internal quotation marks and citation omitted). Defendant has not done that here, and thus has not shown plain error.

## I. CUMULATIVE ERROR

"Although one error in a case may not necessarily provide a basis for reversal, it is possible that the cumulative effect of a number of minor errors may add up to error requiring reversal." *People v Anderson*, 166 Mich App 455, 472-473; 421 NW2d 200 (1988). "The test to determine whether reversal is required is not whether there are some irregularities, but whether defendant has had a fair trial." *People v Kvam*, 160 Mich App 189, 201; 408 NW2d 71 (1987). The term "cumulative error" refers to cumulative unfair prejudice resulting from several actual errors." *LeBlanc*, 465 Mich at 591-592 n 12.

As previously discussed, there were only three alleged errors of any arguable merit: counsel's failure to file a notice of alibi, counsel's failure to request an alibi instruction, and counsel's rounding off 11:11 a.m. to 11:10 a.m. As also discussed previously, there is no basis for concluding that defendant was prejudiced by any of those alleged errors. Therefore, defendant has not shown any cumulative unfair prejudice to his case.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro